# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI SABRINA VINSON, | Case No.: 1:17-cv-00372 - LJO-JLT |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendant. | |

Naomi Sabrina Vinson seeks to proceed *pro se* and *in forma pauperis* with this action for violations of the First, Fifth, Eighth, Ninth, and Thirteenth Amendments to the Constitution of the United States. (Doc. 1 at 4) Plaintiff seeks to have the Court "adopt a law … that will prepare to end long term solitary confinement [and] alleviate conditions in segregation including provisions of regular [and] meaningful social contact, access to sunlight, expand programing [and] privileges." (Doc. 1 at 6, emphasis omitted) In addition, she seeks monetary relief in the amount of $3,000,000 "to give rehabilitation to … inmates in ad-seg." (*Id.*)

Because the facts before the Court are insufficient to determine whether Plaintiff has standing for the claims presented, the complaint is **DISMISSED** with leave to amend.[1]

///

---

[1] The Court defers ruling on the motion to proceed *in forma pauperis* until the amended complaint is filed, and the issue of standing is clarified.

1

## I. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.    Plaintiff's Contentions**

Plaintiff asserts that individuals "have been through trauma to the brain by the CDCR in segregated housing units and need proper [r]ehabilitation learning skills to adapt." (Doc. 1 at 5) Plaintiff contends: "Solitary Confinement causes psychological distress, inmates [have] been deprived from social contact and sunlight, adequate healthcare has proven to be inhumane and unconstitutional. This is an ongoing crisis, no one dares to admit…" (*Id.*)

**IV.    Discussion and Analysis**

Plaintiff does not present any facts indicating that she has been incarcerated or personally suffered violations of the constitutional provisions she identifies in the complaint. Rather, it appears Plaintiff, who also reports that she is employed at a "neuro skills" facility (Doc. 2 at 1), seeks to state claims on behalf of others.

Significantly, as explained by the Supreme Court of the United States, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not

hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (quoting *Railway Mail Assoc. v. Corsi*, 326 U.S. 88, 93 (1945)). To satisfy the "case or controversy" requirement, a plaintiff must demonstrate standing under Article III to bring suit. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (2007) ("standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

To establish standing—and thus that there is an actual case or controversy—a plaintiff "must demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in the plaintiff's favor." *Human Life*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff must alleges facts that support a conclusion that *she*, as opposed to others, has suffered an injury-in-fact and must identify wrongful any acts that she claims caused *her* to be injured. Rather, she broadly identifies harms suffered by prisoners in administrative segregation and solitary confinement, without clarifying whether *she* has suffered any injury through incarceration. Though the Court does not doubt Plaintiff's altruistic motives, the allegations before the Court are insufficient to demonstrate that Plaintiff has standing to bring the claims for civil rights violations identified in the complaint.

## V.     Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff has standing to state the claims raised in her complaint. Accordingly, Plaintiff will be given an opportunity to amend the complaint to allege facts sufficient to demonstrate standing. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." If Plaintiff fails to allege

facts supporting a conclusion that she has suffered an injury-in-fact, the Court will find she is unable to do so.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **April 13, 2017**     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE