# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI SABRINA VINSON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendant. | Case No.: 1:17-cv-00372 - DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE |

Naomi Sabrina Vinson seeks to proceed *pro se* and *in forma pauperis* with this action for violations of the First, Fifth, Eighth, Ninth, and Thirteenth Amendments to the Constitution of the United States. (Doc. 1 at 4; Doc. 4 at 1) Plaintiff seeks to have the Court "adopt a law … that will prepare to end long term solitary confinement [and] alleviate conditions in segregation including provisions of regular [and] meaningful social contact, access to sunlight, expand programing [and] privileges." (Doc. 1 at 6, emphasis omitted) In addition, she seeks monetary relief in the amount of $3,000,000 "to give rehabilitation to … inmates in ad-seg." (*Id.*)

Because the facts before the Court demonstrate that Plaintiff does not have standing for the claims presented, the Court recommends that the First Amended Complaint be **DISMISSED** without prejudice and her motion to proceed *in forma pauperis* be denied as moot.

///
///

1

# I. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

# II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Plaintiff's Allegations

Plaintiff alleges that she "fell victim to solitary confinement in juvenile hall at a young age." (Doc. 4 at 1) She contends "juvenile hall is a sort of solitary," as the wards were "only allowed out of [the] cell for school and 1 hour of PE," and an hour of free time could be taken away. (*Id.* at 6) Plaintiff alleges the time made her feel "the effects of psychological distress." (*Id.*) She reports that upon her release from juvenile hall, she suffered in an abusive relationship for thirteen years. (*Id.*) Plaintiff asserts that when she "got the chance to be free," she took it, though scared because she "didn't know how to interact with others." (*Id.* at 7) She now "want[s] to encourage others and mentor to others experience what [she] went through," including "adults, teens, inmates [and] everyone who felt like they were forgotten and society gave up on them." (*Id.*)

In addition, Plaintiff reports that her husband "is currently held at Kern County's Jail in solitary" and her "brother currently housed in Pelican Bay SHU." (Doc. 4 at 7) According to Plaintiff, these experiences have caused her "to suffer with emotional distress, psychological distress with

worrying, stressing, hurt, disconnected, [and] feeling depressed for the fact [her] loved ones are incarcerated in the cruel and horrible, inhumane treatment that solitary confinement truly is." (*Id.* at 4)

Plaintiff seeks to have the Court "adopt a law … that will prepare to end long term solitary confinement [and] alleviate conditions in segregation including provisions of regular [and] meaningful social contact, access to sunlight, expand programing [and] privileges." (Doc. 1 at 6, emphasis omitted) In support of the relief requested, Plaintiff prepared a "Human Rights Report," attached statements from individuals she asserts are incarcerated in segregated housing, and provided "articles made by advocates and researchers of facts." (Doc. 4 at 2; *see generally* Doc. 4 at 3-75)

**IV.     Discussion and Analysis**

Previously the Court observed that Plaintiff failed to allege "any facts indicating she has been incarcerated or personally suffered violations of the constitutional provisions she identifie[d]." (Doc. 3 at 3) Instead, it appeared that Plaintiff — who reported she was employed at a "neuro skills" facility— sought to state claims on behalf of others. (*See id.*; Doc. 2 at 1) Accordingly, the Court granted Plaintiff an opportunity to amend the complaint "to demonstrate that [she] has standing to bring the claims for civil rights violations identified in the complaint." (*Id.* at 4)

    **A.     Article III Standing**

As explained by the Supreme Court of the United States, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (quoting *Railway Mail Assoc. v. Corsi*, 326 U.S. 88, 93 (1945)). To satisfy the "case or controversy" requirement, a plaintiff must demonstrate standing under Article III to bring an action. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010).

To establish standing, a plaintiff "must demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in the plaintiff's favor." *Human Life,* 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Thus, Plaintiff must

allege facts that support a conclusion that *she*, as opposed to other parties, has standing before the Court. Significantly, Plaintiff reports she has not been incarcerated for more than thirteen years, though she seeks to state claims for violations of civil rights based, in part, upon her own experiences as a ward in juvenile hall. Claims for violations of the First, Fifth, Eighth, Ninth, and Thirteenth Amendment of the Constitution may be raised pursuant to 42 U.S.C. § 1983, which "provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012).

Section 1983 does not contain its own statute of limitation, and the federal court applies the forum state's statute of limitations. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir.2007); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) ("State law governs the statute of limitations period for § 1983 suits"). California's statute of limitations for personal injury claims is two years. *See* CAL. CIV. P. CODE § 335.1; *Canatella*, 486 F.3d at 1132; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Thus, Plaintiff was required to bring any claims for violations of her constitutional rights within two years.

Because there are no facts supporting the conclusion that Plaintiff has suffered an injury-in-fact or was personally incarcerated in solitary confinement within the applicable time frame, the facts fail to support a conclusion that Plaintiff has standing for the alleged civil rights violations.

### B. Representation of the Claims of Others

Plaintiff asserts that she has family members who are incarcerated at the Kern County Jail and Pelican Bay State Prison, and asserts it is her "duty…to inform all parties of these outrageous, extreme measures" they have suffered in violation of the First, Fifth, Eighth, Ninth, and Thirteenth Amendment of the Constitution. (Doc. 4 at 1, 7) In support of these assertions, Plaintiff filed statements from individuals who are reportedly incarcerated in segregated housing at Pelican Bay State Prison. (*See id.* at 8-18)

Importantly, the privilege to proceed *pro se* is personal and does not extend to act on the behalf of another person or entity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Thus, although a person who is not an attorney may appear pro se on his own behalf, see 28

U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Because Plaintiff is not an attorney, she is not able to present claims on behalf of the individuals, including family members, who provided statements concerning their experiences with solitary confinement.

## V. Findings and Recommendations

Previously, the Court granted Plaintiff leave to file an amended complaint addressing the matter of her standing. (Doc. 3) However, the additional information provided demonstrates that Plaintiff lacks standing to state a claim, and she is unable to represent the claims of others in this action. *See Human Life,* 624 F.3d at 1000; *Simon*, 546 F.3d at 664. Accordingly, the Court finds further leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based upon the foregoing, the Court **RECOMMENDS**:

1. The First Amended Complaint be **DISMISSED** without prejudice;
2. The motion to proceed *in forma pauperis* be **DENIED** as moot; and
3. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 9, 2017**        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE